**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARISSA WRIGHT, *individually and on behalf of others* :
*similarly situated,*                                                                          :

                                  Plaintiff,          :                ORDER
                                         :

                         -against-              :     24 Civ. 03890 (GBD)
                                         :

DEL FRISCOS OF NEW YORK, LLC,          :

                         Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff Marissa Wright brings a lawsuit against Defendant Del Frisco's Grille of New York, LLC[1] alleging (1) discrimination under New York State Human Rights Law ("NYSHRL") § 296 ("Count One"); (2) retaliation under NYSHRL § 296(7) ("Count Two"); (3) unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (a)(1) ("Count Three"); (4) unpaid overtime compensation under New York Labor Law ("NYLL") Art. 19 and 12 N.Y.C.R.R. § 142-2.2 ("Count Four"); (5) violation of notice and recordkeeping requirements under NYLL § 195(1) ("Count Five"); and (6) violation of wage statement provisions under NYLL § 195(3) ("Count Six").[2] (*See* Complaint, "Compl.", ECF No. 1.)[3] Wright alleges Count Three of

---

[1] Defendant Del Frisco's Grille of New York, LLC, d/b/a Del Frisco's Grille, was improperly pled as "Del Friscos of New York, LLC." (Mot. at 1.) This Court refers to Defendant hereinafter as "Del Frisco's."

[2] Although the Complaint improperly titles the sixth cause of action as an "eighth cause of action," (Compl. at 13), this Court refers to the claim as "Count Six" for the purposes of the pending motion.

[3] Additionally, although not enumerated as a formal cause of action, the Complaint makes various references to a 42 U.S.C. § 1981 claim. Del Frisco's moves to dismiss Wright's 42 U.S.C. § 1981 claim, arguing that the statute only prohibits race discrimination, not sex or gender discrimination. Although Wright references a 42 U.S.C. § 1981 violation various times in the Complaint, (*See, e.g.*, Compl. ¶¶ 1, 4, 87(B)), Wright contends this was in error and concedes that any § 1981 claim should be dismissed. Accordingly, this Court GRANTS Del Frisco's unopposed motion to dismiss Wright's 42 U.S.C. § 1981 claim pursuant to Fed. R. Civ. P. 12(b)(6) without further addressing its underlying merits.

unpaid overtime compensation in violation of the FLSA as a putative class action claim on behalf of all similarly situated Del Frisco's employees. (Compl. ¶ 55.)

Del Frisco's moves to (1) dismiss Wright's NYSHRL discrimination and retaliation claims (Counts One and Two) for lack of jurisdiction pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(1); (2) dismiss Wright's NYLL improper recordkeeping and wage statement provisions claims (Counts Five and Six) for failure to state a claim pursuant to F.R.C.P. 12(b)(6); and to (3) dismiss Wright's NYLL and FLSA overtime compensation claims (Counts Three and Four) in favor of arbitration pursuant to § 2, 3, and 4 of the Federal Arbitration Act, 9 U.S.C. § 1 ("FAA") *et. seq.* (Def's. Mot. to Dismiss and Compel Arbitration, "Mot.", ECF Nos. 10, 11.) In the alternative, Del Frisco's moves to stay the action pending the outcome of arbitration pursuant to FAA § 3. (*Id.*)

## I.    FACTUAL BACKGROUND[4]

Defendant Del Frisco's is a restaurant with its principal place of business in New York City. (Compl. ¶ 10.) Del Frisco's employs at least fifteen employees and has a gross annual volume of sales of at least $500,000. (*Id.* ¶ 15–16.) Plaintiff Marissa Wright, who identifies as non-binary and uses they/them pronouns, was an employee of Del Frisco's for approximately two months. (*Id.* ¶¶ 8, 9; Mot. at 1.) Wright began working as a "Sous Chef" at Defendant Restaurant Del Frisco's in or about March 2022 and worked approximately seventy-five hours each week at a salary of $75,000 a year. (*Id.* ¶¶ 18, 20.) Wright's salary did not include overtime. (*Id.* ¶ 22.)

Wright alleges that, after commencing employment, Wright's supervisor, Del Frisco's Executive Chef, and other coworkers were informed that Wright was non-binary and preferred to use they/them pronouns in the workplace. (*Id.* ¶ 23.) Within a month of being hired, Wright was

---

[4] All alleged facts in this motion to dismiss are taken from Plaintiff Wright's Complaint, which this Court must accept as true. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 104 n.1 (2d Cir. 2023).

called a "bitch" by a coworker. (*Id.* ¶ 25.) Wright complained about this treatment to the Executive Chef, but the Executive Chef refused to engage in any meaningful discipline. (*Id.*) After the Executive Chef refused to intervene, Wright's coworkers began to routinely refer to Wright as a bitch, including in the Executive Chef's presence. (*Id.* ¶¶ 26, 70.)

In one instance, a line chef who was Wright's subordinate used sexist language against Wright and accused Wright of not making him tuna for his service station. (*Id.* ¶ 29.) The line chef also swiped a knife from the cutting board and slid the knife across the floor, which shocked Wright into thinking that Wright would be assaulted. (*Id.* ¶¶ 29–31.) When Wright complained about this incident, the Executive Chef refused to intervene. (*Id.* ¶ 32.) Wright also received less responsibility, increased scrutiny, and harsher treatment from Wright's supervisor and coworkers. (*Id.* ¶ 28.) As a result of Del Frisco's actions, Wright felt humiliated, degraded, and belittled because of Wright's gender identity. (*Id.* ¶¶ 39, 44.)

Wright also alleges that Del Frisco's did not provide Wright with a statement of wages with each payment, (*Id.* ¶ 48), and that Del Frisco's required Wright and other similarly situated employees to work without being paid overtime wages. (*Id.* ¶ 50.) After two months, Wright terminated employment at Del Frisco's. (*Id.* ¶ 33.)

## II.   **PROCEDURAL BACKGROUND**

Wright filed the Complaint on May 20, 2024. (*Id.* at 15.) Del Frisco's filed the motion to dismiss on August 06, 2024. (Mot. at 1.) Wright filed a response in opposition to the motion on September 30, 2024, (Response in Opposition to Motion, "Resp.", ECF No. 20), and Del Frisco's filed a reply on October 14, 2024. (Reply Memorandum of Law, "Reply", ECF No. 21). On December 18, 2025, the case was reassigned to this Court. (ECF Entry 12/18/2025.)

3

### III. DEL FRISCO'S MOTION TO DISMISS COUNTS ONE AND TWO FOR LACK OF JURISDICTION PURSUANT TO RULE 12(B)(1) IS GRANTED

Wright alleges that Del Frisco's discriminated and retaliated against Wright because of Wright's gender identity in violation of the NYSHRL (Counts One and Two). Del Frisco's moves to dismiss Wright's discrimination and retaliation claims for lack of jurisdiction. Del Frisco's motion to dismiss is GRANTED.

#### A. Applicable Law

Rule 12(b)(1) permits a defendant to move to dismiss the complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The burden of proving jurisdiction is on the party asserting it." *Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258, 273 (S.D.N.Y. 2025) (citations omitted).

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The claims must, however, "derive from a common nucleus of operative fact." *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 536 (S.D.N.Y. 2013) (citation omitted). This criterion is met when the state claims arise out of "approximately the same set of events" as the federal claims. *See Guerra v. Trece Corp.*, No. 18 Civ. 625 (ER), 2020 WL 7028955, at *6 (S.D.N.Y. Nov. 30, 2020) (citing *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002)).

#### B. There is no Connection Between Wright's NYSHRL and FLSA Claims

Wright only alleges one federal claim – unpaid overtime compensation in violation of the FLSA (Count Three). In order for this Court to exercise its supplemental jurisdiction over Wright's

4

state law claims, Wright must demonstrate that the NYSHRL claims of sexual harassment come from the same "common nucleus of operative fact" as Wright's federal FLSA claim for unpaid wages. *Manolov*, 952 F. Supp. 2d at 536.

Here, Wright fails to allege that the improper pay was related to gender identity. To the contrary, Wright alleges that Del Frisco's denied overtime to *all* employees. (*See* Compl. ¶ 55 ("Plaintiff brings his[sic] FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of *all similarly situated persons* (the "FLSA Class"), i.e., persons who are or were employed by Defendant, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period") (emphasis added); *see also id.* ¶ 51 ("Plaintiff and *similarly situated individuals* were victims of Defendant's common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the overtime owed for hours worked.") (emphasis added).

The only connection between Wright's sexual harassment claims and unpaid wages claims is that both claims happened during the two months that Wright was employed by Del Frisco's. This is insufficient to constitute "a common nucleus of operative fact" or "approximately the same set of events" as required for this Court to exercise supplemental jurisdiction. *Manolov*, 952 F. Supp. 2d at 536; *see also Guerra*, No. 2020 WL 7028955, at *6 ("The general rule is that, when the only possible 'common nucleus of operative fact' alleged between the claims is the existence of a common employment relationship, there is no supplemental jurisdiction."); *Dervisevic v. Wolfgang's Steakhouse, Inc.*, No. 19 Civ. 814 (VEC), 2019 WL 6251197, at *3 (S.D.N.Y. Nov. 22, 2019) (declining to exercise supplemental jurisdiction when "[t]he irreducible bottom-line is that the main connection between the FLSA retaliation claim and the state discrimination claims is the fact of Plaintiff's employment."); *Nikonov v. Flirt NY, Inc.*, No. 19 Civ. 07128 (SDA), 2022

5

WL 874780, at *3 (S.D.N.Y. Mar. 24, 2022) ("Plaintiff's state law . . . discrimination claims 'simply have nothing to do with' the federal wage and overtime claims. In these circumstances, since supplemental jurisdiction over the state law claims does not exist, dismissal of the state law claims is required and not discretionary.").

Because Wright fails to show any connection between the alleged FLSA claims and NYCHRL claims beyond Wright's employment at Del Frisco's, there is no supplemental jurisdiction. Wright's NYSHRL claims in Counts One and Two are DISMISSED.

## IV. DEL FRISCO'S MOTION TO DISMISS COUNTS FIVE AND SIX FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6) IS GRANTED

Wright alleges that Del Frisco's failed to provide wage statements in violation of NYLL § 195(3) and proper wage notice in violation of NYLL § 195(1) (Counts Five and Six). Del Frisco's moves to dismiss Counts Five and Six for failure to state a claim, arguing that Wright fails to plausibly allege an injury-in-fact. (Mot. at 9.) Del Frisco's motion to dismiss is GRANTED.

### A. Applicable Law

Under Rule 12(b)(6), a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must 'nudge[ ]' claims 'across the line from conceivable to plausible.'" *Lambert*, 799 F. Supp. 3d at 274 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

6

### B. Del Frisco's Motion to Dismiss Wright's NYLL Claims for Improper Recordkeeping and Wage Statement Provisions is GRANTED

Here, although the Complaint plausibly alleges various technical violations of NYLL § § 195(1) and (5), (*see, e.g,* Compl. ¶ ¶ 48–49), the Complaint lacks any information about how these alleged violations injured Wright. (*See id generally.*)

In response to this deficiency, Wright attempts to supplement the Complaint in opposition to Del Frisco's motion to dismiss. For example, Wright alleges in the opposition brief that, "upon a review of the pay stubs, there are certain pay periods with overtime pay and certain pay periods without." (Resp. at 9.) Wright also alleges that the paystubs were incorrect, and that Wright "did not receive the full amount of pay . . . due to either lack of overtime pay or lack of full 'salary' payments on a bi-weekly schedule." (*Id.*)

It is insufficient, however, for Wright to allege a concrete injury only *in response* to Del Frisco's motion to dismiss. Instead, Wright must allege such facts in the Complaint. *See, e.g., Brandenburg v. Greek Orthodox Archdiocese of N. Am.,* No. 20 Civ. 3809 (JMF), 2021 WL 2206486, at *7 (S.D.N.Y. June 1, 2021) ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss."); *Francisco v. NY Tex Care, Inc.,* No. 19 Civ. 1649 (PKC) (ST), 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) ("[T]he Supreme Court has made clear that a statutory violation alone, without a tangible injury or close parallel to a traditional cause of action, does not constitute an injury that can be recognized by the federal courts.").

Because Wright fails to allege a concrete injury-in-fact as required for standing, Wright's NYLL claims in Counts Five and Six are DISMISSED.[5]

---

[5] Even if Wright was to have sufficiently alleged injury-in-fact, Wright provides no cognizable argument for why these claims would be exempt from arbitration. *See infra* subsec. V.A (citing *LaVoice v. UBS Fin. Servs., Inc.,* No. 11 Civ. 2308 (BSJ) (JLC), 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012) ("Once a court is satisfied that an

## V.    DEL FRISCO'S MOTION TO DISMISS COUNTS THREE AND FOUR IN FAVOR OF ARBITRATION PURSUANT TO THE FAA IS GRANTED

Wright alleges that Del Frisco's failed to pay Wright and other Del Frisco's employees the requisite overtime compensation under FLSA and NYLL (Counts Three and Four).  Del Frisco's seeks an order, pursuant to § 3 of the FAA, referring Wright's remaining FLSA and NYLL wage and hour claims to arbitration, or staying the instant matter pending completion of arbitration.

A party to an arbitration agreement may petition a court for an order that arbitration proceeds in the manner provided for in such agreement. *See* 9 U.S.C. § 4.  "In deciding whether a dispute is arbitrable, we must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (citation omitted).  Under the FAA, "agreements to arbitrate disputes generally must be enforced according to their terms." *Puris v. TikTok Inc.*, No. 24 Civ. 944 (DLC), 2025 WL 343905, at *5 (S.D.N.Y. Jan. 30, 2025).  Section 2 of the FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 526 (S.D.N.Y. 2024).  The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000) (internal citations omitted).

The Parties do not dispute that Wright signed an arbitration agreement with Del Frisco's on March 21, 2022. (Mot. at 4; Resp. at 10.)  Wright argues, however, that the claims are not subject to the terms of the arbitration agreement because the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA") renders the arbitration agreement invalid.  (Resp. at 11.)

---

arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further proceedings and order the parties to arbitrate.") (citation omitted).

8

## A. Wright Fails to Properly Invoke the EFAA

The EFAA "renders arbitration agreements invalid and unenforceable, at the election of the complainant, in sexual assault and sexual harassment cases." *Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 77 (2d Cir. 2024). "The threshold requirement that must be satisfied for the EFAA to permit a litigant to avoid enforcement of a pre-dispute arbitration agreement is that the litigant must allege 'conduct constituting a sexual harassment dispute or sexual assault dispute,' as defined in the statute." *Diaz-Roa*, 757 F. Supp. 3d at 531. A "[s]exual harassment dispute" is defined in the statute as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." *Delo v. Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 180 (S.D.N.Y. 2023) (citing 9 U.S.C. § 401(4)); *see also Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 539 (S.D.N.Y. 2023) ("At the election of a person alleging 'conduct constituting a sexual harassment dispute,' the EFAA makes pre-dispute arbitration agreements unenforceable 'with respect to a case which is filed under Federal, Tribal, or State law and relates to . . . the sexual harassment dispute.'").

In most of the NYSHRL cases in this district where a plaintiff properly invoked the EFAA, the court had jurisdiction over the NYSHRL claim through supplemental jurisdiction—usually with a plausibly plead claim under Title VII of the the Civil Rights Act of 1964, or another relevant federal discrimination law. *See e.g. Brazzano v. Thompson Hine LLP*, No. 24 Civ. 01420 (ALC) (KHP), 2025 WL 963114, at *7 (S.D.N.Y. Mar. 31, 2025); *Kelly v. Rosenberg & Estis, P.C.*, 804 F. Supp. 3d 461, 463 (S.D.N.Y. 2025); *Singh v. Meetup LLC*, 750 F. Supp. 3d 250, 252 (S.D.N.Y. 2024); *Montanus v. Columbia Mgmt. Inv. Advisers, LLC*, No. 25 Civ. 2798 (PAE), 2025 WL 3706567, at *1 (S.D.N.Y. Dec. 22, 2025); *Puris*, No. 24 Civ. 944 (DLC), 2025 WL 343905, at *6;

9

*Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 271 (S.D.N.Y 2024); *Johnson*, 657 F. Supp. 3d at 546–47.[6]

This Court does not have jurisdiction over Wright's NYSHRL claims because those state law claims are unrelated to Wright's sole federal claim pursuant to the FLSA in Count Three. *See supra* subsec. III.B. Indeed, it is well settled that a court must dismiss a claim if it lacks jurisdiction to adjudicate it. *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). It would be unreasonable for this Court to dismiss Wright's NYSHRL claims for lack of jurisdiction, and thereafter utilize those claims for the purposes of invoking the EFAA. *See, e.g., Lambert*, 799 F. Supp 3d. at 277, 281–87 (S.D.N.Y. 2025) (discussing and enforcing the EFAA in regard to *only* the plaintiffs for whom the court had jurisdiction). Accordingly, Wright fails to invoke the EFAA for the purposes of shielding Wright against arbitration.

## B. Wright and Del Frisco's Arbitration Agreement is Valid

Wright does not provide any additional arguments that Wright's remaining overtime claims under the FLSA and NYLL in Counts Three and Four are unsuitable for arbitration. "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further proceedings and order the parties to arbitrate." *LaVoice v. UBS Fin. Servs., Inc.*, No. 11 Civ. 2308 (BSJ) (JLC), 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012) (quoting *Nunez v. Citibank, N.A.*, No. 08 Civ. 5396 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009)). Wright does not meet the burden required for resisting arbitration. Del Frisco's motion to dismiss

---

[6] *Cf. Mera v. SA Hosp. Grp, LLC*, 675 F. Supp. 3d 442, 447 n.5. (S.D.N.Y. 2023) ("*Mera I*"); *aff'd in part, rev'd in part*, No. 23 Civ. 3492 (PGG) (SDA), 2025 WL 3203080 (S.D.N.Y. Nov. 2025) ("*Mera II*"). In *Mera I*, the defendants did not move to dismiss plaintiff's NYSHRL claims for lack of jurisdiction. *See generally* 675 F. Supp. 3d 442. Accordingly, the court declined to discuss whether supplemental jurisdiction was appropriate where the only federal claim was a wage and hour claim under the FLSA. *Id.* at 447 n.5 ("[T]he Court does not now address the issue of whether supplemental jurisdiction exists over the NYSHRL and NYCHRL claims, pursuant to 28 U.S.C. § 1367(a)."). However, the court did acknowledge that "district courts in this Circuit routinely dismiss, on jurisdictional grounds, state and local discrimination and retaliation claims, as insufficiently related to the FLSA claim." *Id.*

10

the remaining NYLL and FLSA claims in Counts Three and Four in favor of arbitration is GRANTED.

## VI.  <u>LEAVE TO AMEND</u>

Wright asks this Court for leave to amend any and all dismissed claims. "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citations omitted). "A request to replead should be denied in the event that amendment would be futile." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012). Wright argues facts in response to the motion to dismiss that could be useful in the Complaint. Wright may propose an amended complaint, if amendment would not be futile.

## VII.  <u>CONCLUSION</u>

Del Frisco's (1) motion to dismiss Counts One and Two for lack of jurisdiction is GRANTED; (2) motion to dismiss Counts Five and Six for failure to state a claim is GRANTED; and (3) motion to dismiss Counts Three and Four in favor of arbitration is GRANTED.

The Clerk of Court is directed to close open motion at ECF No. 10.

Dated: March 5, 2026
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

11